This was an action of trespass quare clausum fregit, originally commenced in the Common Pleas for this county. It appeared that, on the trial, which was had upon the general issue, at the last October term in this county, before Thatcher, J., the title of the plaintiff to the close, in which the trespass was committed, was not questioned. The jury returned a verdict in the plaintiff’s favor for nineteen dollars and fifty cents damage.
After the verdict, the plaintiff moved that he might tax full costs; and the action stood over for the consideration of that motion.
And now, at this term, Wilde renewed the motion, and the action was continued nisi for the consideration thereof. At an adjourned session of the March term, in Suffolk county, which was holden in August of this year, the Chief Justice observed that the Court had considered the statute of 1807, c. 122, under which the question in this case arose, and the result was, that as the second section of the statute excepts all actions, wherein the title to real estate may be concerned, and as in all actions of trespass quare clausum, the title to real estate may be concerned, the Court were unanimously of opinion, that the provision of the statute, directing that in cases where, in actions originally brought before the Court of Common Pleas, judgment shall be recovered for no more than twenty dollars debt or damage, the plaintiff shall be entitled for his costs, to no more than one quarter part of the debt or damage so recovered, does not apply to actions of trespass quare clausum fregit, but that full costs are to be allowed the plaintiff in such actions, although he may recover a less sum than twenty dollars in damages