Shaw C. J.
drew up the opinion of the Court. The single question in this case is, what was intended by the words “ real action ” in the St. 1820, c. 79, § 4. They are to be construed in the sense intended by the legislature.
We think, taken in connexion with other statutes in pari materia, the terms real and personal actions were not used in the sense in which they are used in the common law, and defined by Blackstone.
The broad distinction which runs throughout the statutes, is that between actions in which rights to real estate may be brought in question and tried, and those which affect personal rights. The importance of the latter is measured solely by the amount in controversy, that of the former by the nature of the right itself; and the several questions of jurisdiction, of the right of appeal, and of costs, are regulated accordingly. Blood v. Kemp, 4 Pick. 169.
In Dummer v. Foster, 7 Mass. R. 476, it was said that an action of trespass quare clausum fregit, is an action in which *484 the title to real estate may be concerned ; and therefore full costs were given, although the damages were under $ 20.
In Crocker v. Black, 16 Mass. R. 448, it was decided, that in an action on the case for the obstruction of a private way, the title to real estate may come in question, and the Court gave full-costs though the damages were under $20.
The acts, upon which those decisions were founded, though not strictly in pari materia with the one under consideration, are strongly analogous.
In St. 1817, c. 185, which went to limit and regulate the right of appeal in personal actions, it was provided (§ 4,) that all actions of trespass should, for the purposes of that act, be deemed personal actions, excepting those wherein the title to real estate should, by the pleadings, be brought in question. This act has been repealed, but it goes to show what was intended by the legislature on this subject, as to the distinction between real and personal actions, and carries a strong implication that those actions in which the title to real estate is brought in question, are real actions, within the meaning of this class of statutes.
In the St. 1820, c. 79, § 4, it is provided, that any person aggrieved, in any real action, or in any personal action in which the debt or damage demanded shall exceed $ 100, may appeal. It is further provided, that when any such appeal shall be made by a plaintiff, and he shall not recover more than $ 100, at the court appealed to, he shall not recover any costs at the court appealed to, unless the court shall certify that there was reasonable cause to appeal. This provision, of course, applies only to.such cases as are considered personal actions, in the first clause, and not to those designated as real actions. But we are of opinion that, in reference to other analogous statute provisions and the judicial constructions upon them before cited, actions, though in form personal-, which put in issue rights to real estate, are real actions, within the meaning of this statute.
A claim to a right of way over the land of another, is a claim to a perpetual easement therein; which is an interest in real estate. An action on the case against the owner of the real estate, is an assertion of such right and interest in real *485 estate, and is the appropriate mode of trying it, and therefore such an action brings tlie right into question. In this case it appears by the record, that the plaintiff alleges title in himself to a certain close to which the way claimed is alleged to be appurtenant, and then sets out his right of way across a close occupied by the defendant. By alleging the close to be in the occupation of the defendant, he admits the defendant’s title, and claims a perpetual easement in the land, as incident to an estate of which he claims title.
We are therefore of opinion, that the costs were rightly taxed for the plaintiff, without a certificate of reasonable cause, and that the judgment was not erroneous.[1]

 See Revised Stat. c. 121, § 13; c. 82, § 4 ; Simpson v. Seavey,8 Greenleaf, 138; Williams v. Veazie, 8 Greenleaf, 106.